BUFFALO BITUMINOUS, INC. v. MAPLE HILL ESTATES, INC., AND ANOTHER.

250 N. W. 2d 182.

January 14, 1977—No. 46499.

*Schieffer & Carson* and *Richard J. Schieffer*, for appellant.

*Johnson & Johnson* and *Walter S. Johnson*, for respondent plaintiff.

*O'Connor & Hannan* and *Kenneth B. Jones, Jr.*, for respondent Maple Hill Estates, Inc.

Considered and decided by the court without oral argument.

PER CURIAM.

This action involves the obligation for the costs of repair performed by plaintiff on a road in the City of Corcoran. A factual dispute that the city agreed to pay for the repairs was resolved by the trial court. The finding of the trial court on this factual issue is supported by the evidence.

A more substantial issue was raised in view of the fact that there was a failure by the city to comply with the statutory formalities required for the making of a valid contract. Minn. St. 471.345, subd. 4, provides:

"If the amount of the contract is estimated to exceed $1,000 but not to exceed $5,000, the contract may be made either upon sealed bids or by direct negotiation, by obtaining two or more quotations for the purchase or sale when possible, and without advertising for bids or otherwise complying with the requirements of competitive bidding. All quotations obtained shall be kept on file for a period of at least one year after receipt thereof."

The trial court interpreted the statute as granting to the city under these circumstances the legal authority to negotiate directly with reference to the repair.

Although the statutory language may lend itself to the interpretation applied by the trial court, the preferable rule to follow would appear to be as set forth in Kotschevar v. Township of North Fork, 229 Minn. 234, 238, 39 N. W. 2d 107, 110 (1949), wherein our court stated as follows:

"* * * In Minnesota Annotation to Restatement, Restitution, § 62, the Minnesota rule is stated as follows:

'* * * the court has been more liberal perhaps than most courts in allowing quasi contractual recovery. The rule as most recently stated "is that where a municipal corporation receives money or property of another under and pursuant to a contract upon a subject within its corporate powers, and the contract was

made and carried out in good faith and without purpose or intent to violate or evade the law, but is invalid because not entered into or ratified by the officers of the corporation having power to contract, or for some other failure to comply with the statutory requirements, and money or property so received is retained by the corporation and devoted to a legitimate corporate purpose, resulting in benefits to the corporation the one so furnishing the money or property may recover in quasi contract to the extent of the benefits received by the corporation." ' "

The evidence reveals not the slightest suggestion that any fraud or collusion was involved in the transaction. The municipality received a benefit for a legitimate municipal use for which equity and good conscience requires payment. The plaintiff furnished this service in good faith and may recover in quasi contract the value of the service.

Affirmed.